UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WB MUSIC CORP., a California corporation and WARNER/CHAPPELL MUSIC, INC., a Delaware corporation,<br><br>                              Plaintiffs,<br><br>             v.<br><br>THE LEONORE S. GERSHWIN 1987 TRUST, a California trust; MICHAEL S. STRUNSKY as trustee; THE ARTHUR GERSHWIN TESTAMENTARY TRUST, a New York trust; MARC GERSHWIN as trustee; MARC GERSHWIN individually; THE FRANCES GERSHWIN GODOWSKY REVOCABLE TRUST U/A AUGUST 29, 1983, a New York trust; LEOPOLD GODOWSKY III as trustee; LEOPOLD GODOWSKY III individually; ALEXIS GERSHWIN; GEORGIA KEIDAN; and NADIA NATALI,<br><br>                            Defendants. | No. 10 Civ. 2496 (RPP) (MHD) |

**MEMORANDUM IN SUPPORT OF THE MOTION BY DEFENDANT MICHAEL STRUNSKY AS TRUSTEE OF THE LEONORE S. GERSHWIN 1987 TRUST FOR LEAVE TO FILE AN <u>AMENDED ANSWER AND COUNTERCLAIMS</u>**

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
(admitted *pro hac vice*)
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401
Tel:  (310) 566-9800

SCAROLA ELLIS LLP
888 Seventh Avenue, 45th Floor
New York, NY  10106
Tel.:  (212) 757-0007

*Attorneys for Defendant Michael S. Strunsky,*
   *as Trustee of the The Leonore S. Gershwin*
   *1987 Trust*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ........................................................................................ 2

FACTUAL AND PROCEDURAL BACKGROUND ............................................. 3

ARGUMENT ............................................................................................. 7

      A.     Leave to Amend Should Be Liberally Granted ..................................... 7

CONCLUSION ........................................................................................ 10

TABLE OF AUTHORITIES

*Cases*

*Block v. First Blood Associates,*
988 F.2d 344 (2d Cir. 1993) ................................................................. 8

*Eastern Paralyzed Veterans Ass'n, Inc. v. Lazarus-Burman Associates,*
133 F.Supp.2d 203 (E.D.N.Y. 2001) .................................................. 7

*Forman v. Davis,*
371 U.S. 178 (1962) ............................................................................. 7

*Pangburn v. Culbertson,*
200 F.3d 65 (2d Cir. 1999) .................................................................. 8

*Rachman Bag Co. v. Liberty Mut. Ins. Co.,*
46 F.3d 230 (2d Cir. 1995) .................................................................. 7

*Richardson Greenshields Sec., Inc. v. Lau,*
825 F.2d 647 (2d Cir. 1987) ............................................................... 7

*Zeigan v. Blue Cross and Blue Shield,*
607 F.Supp. 1434 (S.D.N.Y. 1985) ................................................... 7


*Statutes*

Federal Rule of Civil Procedure 15(a) ........................................ 1, 7

Defendant Michael Strunsky as trustee of the Leonore S. Gershwin 1987 Trust (referred to herein as the "Trust") submits this memorandum in support of its motion for leave to file an amended answer and counterclaim pursuant to Federal Rule of Civil Procedure 15(a). As set forth herein, good cause exists for this motion in that Plaintiff Warner Chappell entered into an administration agreement with the Trust regarding the administration of Ira Gershwin's copyright interests in the musical compositions he authored with his brother George Gershwin (the "Compositions"). Warner Chappell also entered into an administration agreement with The Arthur Gershwin Testamentary Trust (the "GG Estate"), which owns the rights to George Gershwin's copyright interest in the Compositions. The Trust is informed and believes that Warner Chappell has materially breached the Administration Agreement by *inter alia*: (1) misallocating revenues from the Subject Compositions from the Trust to the GG Estate; (2) failing to instruct foreign mechanical and performance royalty societies to directly pay to the Trust its proper proportion of royalty income; and (3) deducting from the account of the Trust certain fees of legal counsel that were not approved by the Trust.

In addition, the Trust is informed and believes that the GG Estate intentionally interfered with the Administration Agreement by inducing Warner Chappell to divert to the GG Estate royalty revenues owed to the Trust pursuant to the Administration Agreement. Pursuant to an agreement among the parties, the Trust waited to exhaust all settlement efforts before seeking leave to amend its answer and counterclaims. Finally, Warner Chappell and the other defendants will suffer no prejudice if the Trust is granted leave to file an amended answer and counterclaims.

## I.   INTRODUCTION

This case concerns an interpleader action commenced by plaintiff, Warner Chappell Music ("Warner Chappell"), one of the largest music publishing companies in the world, against the two sides of the Gershwin family: the Trust on the one hand, and The Arthur Gershwin Testamentary Trust, Marc Gershwin as trustee, The Frances Gershwin Godowsky Revocable Trust U/A, Jonathan Keidan as trustee, Leopold Godowsky III, Alexis Gershwin, Georgia Keidan and Nadia Natali (the "GG Estate") on the other hand.  During the 1920s and 1930s, Ira Gershwin and his brother George Gershwin famously teamed up to write musical compositions, with George Gershwin composing the music and Ira Gershwin writing the lyrics.  As a result, Ira and George Gershwin each owned a copyright interest in an extraordinary and highly acclaimed library of approximately nine hundred musical compositions (the "Compositions").  Tragically, George Gershwin passed away in 1937 at the age of 38.  By January 1, 2008, 70 years after his death, George Gershwin's copyright interests were deemed to have fallen into the public domain in many countries outside the United States.  Ira Gershwin passed away in 1983.  His copyright interests are still protected throughout the world.  The Trust owns the rights to Ira Gershwin's copyright interest in the Compositions and the GG Estate owns the rights to George Gershwin's interests in the Compositions.

The essential dispute among the parties concerns the allocation of music publishing revenues generated by the Compositions outside the United States.  As the result of the public domain status of George Gershwin's contribution to the Compositions in many countries, much of the current music publishing revenues from outside the United States are being generated solely by Ira Gershwin's contribution to the Compositions, which contribution remains protected by copyright.  The Trust maintains that with an extremely limited exception,

2

the Trust has not agreed to share its revenues with the GG Estate, and the Trust is therefore entitled to 100% of the royalties originating from those countries that only afford copyright protection to Ira Gershwin's copyright interest in the Compositions.  The GG Estate claims that it is entitled to share in those royalties.

Although plaintiff Warner Chappell claims to be "neutral" in this dispute, in fact, the GG Estate prevailed upon Warner Chappell to breach its written administration agreement with the Trust (the "Administration Agreement") by diverting to the GG Estate a portion of the revenues generated by the Compositions in those countries which treat George Gershwin's copyright interests as public domain.  When a dispute arose over the royalties being improperly diverted to the GG Estate, Warner Chappell filed this interpleader action.

By this motion, the Trust seeks leave of the Court to amend its Answer to file *inter alia*, counterclaims against Warner Chappell for breach of the Administration Agreement, and against the GG Estate for intentionally interfering with the Administration Agreement.  The Trust acted in good faith by waiting to bring this motion while the parties worked to resolve their dispute.  Neither the GG Estate nor Warner Chappell will suffer any prejudice if the Court grants leave to file an amended answer and counterclaims, and the Trust's amendment will not be futile.  Under such circumstances, leave to amend should be liberally granted and the Trust respectfully requests that the Court grant the instant motion.

II.    FACTUAL AND PROCEDURAL BACKGROUND

In the United States, the Compositions are considered joint works and the ownership interests of both the Trust and the GG Estate remain protected by copyright law.  However, in many countries outside of the United States, a musical composition written by two or more authors is not deemed to be a joint or collective work unless each author contributed to both

3

the music and lyrics of the work (the "Non-Joint Work Countries").   In most of the Non-Joint Work Countries, the interests of the GG Estate in the Compositions have fallen into the public domain and unless otherwise agreed, the Trust is entitled to 100% of the royalties from those countries.

In or about July 2004, the Trust entered into an exclusive administration agreement (the "Administration Agreement") with Warner Chappell pursuant to which the Trust granted Warner Chappell the exclusive right to the worldwide administration of the Trust's interest in certain of the Compositions (the "Subject Compositions") for the full duration of the copyright for the Subject Compositions.  Pursuant to the Administration Agreement, Warner Chappell pays the Trust the income received for the Subject Compositions from performing and mechanical rights societies and other licensees, less administrative fees.

Prior to entering into the Administration Agreement, the Trust and the GG Estate entered into a settlement agreement in 1988 pursuant to which the Trust agreed to share the writer's share of public performance revenues from the Performing Rights Society ("PRS") in England regardless of whether George's interest in the Subject Compositions had fallen into the public domain in England.  With this sole exception of the writer's share of public performance royalties from PRS (the "PRS Royalties"), the Trust has never agreed to share its revenues from the Subject Compositions in Non-Joint Work Countries with the GG Estate.

In or about 2008, the Trust learned of discrepancies and errors in the accounting and payment to the Trust of income derived from licenses for the Subject Compositions in some Non-Joint Work Countries which treat George Gershwin's copyright interest as public domain.  The Trust is informed and believes that although most of the Non-Joint Work Countries no longer recognize George Gershwin's copyright interest in the Compositions, Warner Chappell has been wrongfully dividing income derived from the Subject

4

Compositions in these countries between the Trust and the GG Estate, despite the fact that the Trust is entitled to 100% of such monies (except with respect the PRS Royalties).

The Trust also learned that Warner Chappell has failed to instruct foreign mechanical and performance royalty societies to directly pay to the Trust its proper proportion of royalty income in accordance with the terms of the Administration Agreement.  Instead, in many cases Warner Chappell has instructed numerous foreign mechanical and performance royalty societies to pay royalties directly to Warner Chappell and to account to Warner Chappell a larger administration fee than it is entitled to under the Administration Agreement.

On July 16, 2009, after the dispute arose between the parties regarding the royalties from the Subject Compositions in Non-Joint Work Countries, Warner Chappell filed its interpleader complaint in the Central District of California naming the Trust and the GG Estate as defendants.  The parties immediately set out to try and resolve the dispute and Warner Chappell granted defendants several extensions of time to respond to the complaint. The Trust filed its answer on January 7, 2010.  On January 28, 2010, the GG Estate filed a motion to transfer the matter to the Southern District of New York.  The Central District Court granted the motion to transfer and the case was transferred to this Court on March 24, 2010.

On July 7, 2010, the Court entered its scheduling order in which it set the following relevant dates: the last day to file amended pleadings was September 17, 2010; Plaintiff's expert disclosures are due February 28, 2011; Defendants' expert disclosures are due March 28, 2011; the discovery cut-off is April 30, 2011.  Pursuant to the stipulation of the parties, the Court has amended its scheduling order to permit the parties additional time to file amended pleadings and recently extended that deadline until January 14, 2011.  The

purpose of these stipulations was to enable the parties to expend their resources on trying to settle the matter and to avoid unnecessary legal expenses involved in requesting leave to amend the pleadings.  (Declaration of Lawrence Y. Iser ("Iser Decl."), ¶ 2, filed contemporaneously herewith.)

On January 12, 2011, Tamerlin Godley, counsel for Plaintiff, notified counsel for the Trust that Chris Jensen, counsel for the various George Gershwin interests, interned to request an additional extension through January 28, 2011 for the parties to amend their pleading.  Iser Decl., ¶ 3, Exh. B.  Ms. Godley and counsel for the Trust agreed to extend the deadline for amending the pleadings until January 21, 2011 and the parties operated under the assumption that Mr. Jensen requested that the Court extend the deadline to January 21, 2011.  On January 21, 2011 Mr. Jensen informed counsel that he believes that his request that the deadline be extended was sent to the Court and that he will consent to the filing of amended pleadings on January 21, 2011.  Iser Decl., ¶ 3, Exh. C.

The parties participated in a settlement conference before the Hon. Magistrate Judge John Dollinger on November 10, 2010.  The parties came close to resolving the dispute but were unable to do so.  Iser Decl., ¶ 4.  Subsequently, each party had separate calls with Magistrate Judge Dolinger in a further effort to resolve the dispute, the last of which occurred on November 18, 2010.  *Id.*  The parties thereafter continued to negotiate on their own.  Although multiple versions of a long form, comprehensive written settlement agreement were exchanged, the parties were ultimately unable to agree upon the terms of a written agreement.  *Id.*  Left with no other choice but to proceed with this litigation in order to obtain the royalties which it is rightfully due, and with the deadline to file amended pleadings looming, the Trust has been forced to file the instant motion for leave to file its Amended Answer and Counterclaims.  *See*, Iser Decl., Ex. A.

III.   <u>ARGUMENT</u>

   A.   <u>Leave to Amend Should Be Liberally Granted</u>

Federal Rule of Civil Procedure 15(a) expressly provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. Rule 15(a).  In interpreting this rule, the Supreme Court has held that leave to amend a complaint should be freely granted in the absence of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Forman v. Davis,* 371 U.S. 178, 182 (1962) "[L]eave to amend is usually granted quite freely." *Eastern Paralyzed Veterans Ass'n, Inc. v. Lazarus-Burman Associates*, 133 F.Supp.2d 203, 211 (E.D.N.Y. 2001).  A court should not deny leave to amend on the basis of mere delay; bad faith or undue prejudice is required. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (permitting amendment 4 years after complaint filed); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) ("[m]ere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."); *Zeigan v. Blue Cross and Blue Shield*, 607 F.Supp. 1434, 1438 (S.D.N.Y. 1985) (amendment allowed after three-year interval).

The Trust acted in good faith waiting to bring this motion until the parties exhausted every possible effort possible to resolve this dispute.  The parties participated in a settlement conference before the Honorable John Dollinger on November 10, 2010, during which the parties nearly resolved the case.  Iser Decl., ¶ 4.  Subsequent that, the parties have engaged in ongoing settlement discussions including the preparation of numerous drafts of a comprehensive, long form settlement agreement.  Unfortunately, the parties could not

conclude a settlement. *Id.* The Trust now seeks leave to amend to assert counterclaims against Warner Chappell and the GG Estate.

The Trust has pled sufficient facts in support of the counterclaims and the addition of these claims will not be futile. [W]hile 'futility' is a valid reason for denying a motion to amend, this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999) (citations omitted). The Trust has pled prima facie claims for breach of contract, specific performance, rescission and an accounting against Warner Chappell, as well as a claim for interference with contract against the GG Estate. (*See*, Exhibit A) In addition, the Trust seeks declaratory relief to avoid disputes among the parties moving forward. With the limited exception of the PRS Royalties, the various agreements between the parties make it abundantly clear that the Trust is entitled to all royalties from the Subject Compositions in those Non-Joint Work countries that treat George Gershwin's copyright interests as public domain. Nevertheless, at the instance of the GG Estate, Warner Chappell has materially breached the Administration Agreement by diverting a portion of those royalties to the GG Estate. None of the counterclaims sought to be asserted by the Trust are time barred or deficient for any other reason.

In addition, neither Warner Chappell nor the GG Estate will suffer any prejudice if the Court grants the Trust leave to amend its Answer to add counterclaims. "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). None of these factors are present here.

8

The parties are still the early discovery stages having only exchanged an initial round of responses to interrogatories and document demands and the discovery cut-off is not until April 30, 2011. Iser Decl., ¶ 5. Depositions have yet to be taken, and none are currently scheduled. *Id.* Moreover, the facts which support the Trust's counterclaims are the identical facts upon which it intends to rely to establish its right to the royalties deposited with the Court by Warner Chappell. As such, the scope of discovery remains exactly the same, and the discovery already conducted is relevant to both the existing claims and the Trust's counterclaims. There is no trial date set so there will be no delay in this matter if the Trust is granted leave to file its counterclaims. Given the foregoing, neither Warner Chappell nor the GG Estate will suffer any prejudice by the addition of the Trust's counterclaims and there is no just reason to deny the Trust's motion.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Trust respectfully requests that the Court grant the

instant motion and permit the Trust to file its Amended Answer and Counterclaims.


DATED: January 21, 2011                KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP


                                       By:   /s/ Lawrence Y. Iser
                                             Lawrence Y. Iser (admitted *pro hac vice*)
                                              808 Wilshire Boulevard, Third Floor
                                             Santa Monica, California 90401
                                             Tel: 310.566.9800


                                             SCAROLA ELLIS LLP
                                             Rachel G. Balaban
                                             888 Seventh Avenue, 45th Floor
                                             New York, NY  10106
                                             Tel.:  (212) 757-0007

                                             *Attorneys for Defendant Michael S. Strunsky, as*
                                             *Trustee of the The Leonore S. Gershwin 1987 Trust*